IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-118 |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELERS PERSONAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Mark Anderson, proceeding *pro se*, brings what appears to be claims for breach of contract, insurance bad faith, and declaratory judgment against his insurer, Defendant Travelers Personal Insurance Company. ECF 1-2. Before the Court now is Travelers's motion to dismiss (ECF 8) Mr. Anderson's complaint. Mr. Anderson didn't file a response to the motion or to the Court's show-cause order (ECF 12), and so the motion is ready for disposition. After careful consideration, for the reasons below, the Court will **GRANT** Travelers's motion and dismiss Mr. Anderson's complaint without prejudice to Mr. Anderson amending it.

## **DISCUSSION & ANALYSIS**

Because he is a *pro-se* litigant, the Court construes Mr. Anderson's complaint liberally. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011). Yet, even under this permissive standard, Mr. Anderson "must allege sufficient facts" to support his claims. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). That is, Mr. Anderson must allege enough facts, accepted as true, for the Court to infer that he has a plausible claim for relief. *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), *as amended* (Mar. 24, 2015). He fails to do so.

**Mr. Anderson fails to plead a breach-of-contract claim.** "[T]hree elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Mr. Anderson pleads the existence of an insurance contract generally, and includes some excerpts of its purported language, but he doesn't quite connect the dots as to how Travelers breached those terms. And while Mr. Anderson asserts that he is owed $681,831.85 in damages, he doesn't explain how he calculated that number.[1] So the Court will dismiss Mr. Anderson's breach-of-contract claim without prejudice to Mr. Anderson amending his complaint to state a plausible claim. *See Johnson v. Liberty Mut. Ins.*, No. 23-897, 2023 WL 3847633, at *1 (W.D. Pa. June 6, 2023) (Hardy, J.) (dismissing complaint "devoid of any allegations identifying or describing the essential terms of a contract . . ., how [the insurer] supposedly breached that contract, and that [the plaintiff] suffered damages as a result of the breach"); *Allen v. Nelson*, No. 25-1287, 2025 WL 1809997, at *3 (E.D. Pa. July 1, 2025) (similar).

**Mr. Anderson fails to plead a statutory[2] insurance bad-faith claim.** "To state a claim for bad faith under [the Pennsylvania bad-faith statute, 42 Pa. C.S.A. § 8371], an insured must allege facts that plausibly establish: (1) the insurer had no

---

[1] Mr. Anderson says the detailed calculation is provided in "Exhibit D"—but neither this exhibit, nor three others mentioned in the complaint (including the insurance policy itself)—are attached or filed on the docket.

[2] Pennsylvania recognizes a common-law insurance-bad-faith claim sounding in contract. But "where a plaintiff asserts claims for both breach of an insurance contract and common law bad faith, courts routinely hold that the common law bad faith claim is subsumed into the breach of contract claim." *Bengal Converting Servs., Inc. v. Landmark Am. Ins. Co.*, No. 24-3332, 2025 WL 720087, at *9 (E.D. Pa. Mar. 5, 2025) (dismissing common-law bad-faith claim where plaintiff also alleged breach-of-contract claim). So the Court considers Mr. Anderson to be bringing only a statutory bad-faith claim.

'reasonable basis' for its actions; and (2) that the insurer 'knew of or recklessly disregarded' the fact that it lacked a reasonable basis for its conduct." *Peltz v. State Farm Mut. Auto. Ins. Co.*, 538 F. Supp. 3d 498, 508-09 (W.D. Pa. 2021) (Kelly, M.J.) (citation omitted). Bad-faith conduct includes an insurer's denial of coverage, failure to investigate a claim, failure to communicate with an insured, and failure to diligently respond to a claim, as well as an insurer conducting an unnecessary or unfounded investigation. *Id.*

The Court understands Mr. Anderson's bad-faith claim to be based on Travelers unreasonably delaying processing his claim, failing to investigate it, failing to "notify [him] of required information," and misrepresenting the terms of his insurance policy. ECF 1-2, ¶¶ 36-38 (capitalization removed).

The Court begins with Mr. Anderson's allegations of Travelers's delay and failure to properly investigate. Although disjointed, with sentences that often trail off, on this claim Mr. Anderson's complaint goes beyond the kind of "bare-bones" and conclusory allegations typically inviting dismissal at this early stage. *See, e.g.*, *McGuigan v. Am. Strategic Ins. Corp.*, No. 25-1553, 2025 WL 1943389, at *4 (E.D. Pa. July 15, 2025) (summarizing bare-bones and conclusory allegations of bad faith). Mr. Anderson sketches a timeline of the investigation, the methods and procedures through which Travelers conducted its investigation, and the length of the investigation from start to finish, including Mr. Anderson's appeal of Travelers's denial of his claim. *See Barbor v. State Farm Fire & Cas. Co.*, No. 24-521, 2024 WL 3678660, at *5 (E.D. Pa. Aug. 6, 2024) (dismissing bad-faith claim where this information was lacking); *Warren v. State Farm Fire & Cas. Co.*, No. 23-3908, 2024 WL 3201663, at *8 (E.D. Pa. June 26, 2024) (same).

The problem, then, is not with the breadth of Mr. Anderson's allegations about this conduct, but that his allegations cut against his argument. He alleges that Travelers sought information and "supporting documentation[,]" ECF 1-2, ¶¶ 16-17,

- 3 -

including during the appeal process, *id.* ¶¶ 22, 25, 32, and as part of that appeal conducted an examination under oath, *id.* ¶ 25. So what Mr. Anderson alleges is an active, if slow, investigation and appeal, not bad faith. His bad-faith claim based on this conduct is thus "plainly contradicted by the facts of the case" and can't survive. *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012).[3]

At best, Mr. Anderson describes a seven-month period where Travelers failed to investigate his claim. ECF 1-2, ¶¶ 13-18 (alleging claim filed in January 2023, and that Travelers didn't start investigating until August 2023, after Mr. Anderson resubmitted his claim). But while delay might be relevant to a bad-faith claim, "if delay is attributable to the need to investigate further or even to simple negligence, no bad faith has occurred." *Rowe v. Nationwide Ins. Co.*, 6 F. Supp. 3d 621, 634 (W.D. Pa. 2014) (Gibson, J.) (cleaned up). A seven-month delay, without more, simply isn't long enough to plausibly suggest that the delay is the product of bad faith and not something else. *See Houston v. GEICO Advantage Ins. Co.*, No. 22-35, 2023 WL 1071529, at *3 (W.D. Pa. Jan. 27, 2023) (Baxter, J.) (dismissing claim for failure to plead insurer had no reasonable basis for delay where plaintiff alleged insurer made no communications in five months between plaintiff submitting claim and filing lawsuit); *see also White v. Travelers Ins. Co.*, No. 20-2928, 2020 WL 7181217, at *5 (E.D. Pa. Dec. 7, 2020) (dismissing claim for failure to plead insurer knew of or recklessly disregarded fact that it lacked reasonable basis for delay where six-month

---

[3] Mr. Anderson also alleges that Travelers refused to provide an investigative report, and didn't provide proof it contacted "Josh Keyser." ECF 1-2, ¶ 28. Beyond noting that Mr. Keyser "re-checked" "[p]roperty winterization[,]" Mr. Anderson doesn't describe who Mr. Keyser is or why he is relevant to his claim. And to the extent Mr. Anderson is alleging that Travelers refused to provide its underwriting file, while that "may be consistent with bad faith, it is also as much in line with a wide swath of rational and competitive business strategy." *Dietz v. Liberty Mut. Ins. Co.*, No. 20-1239, 2020 WL 3414660, at *4 (E.D. Pa. June 22, 2020) (cleaned up). In other words, that allegation, without more, doesn't "nudge[ his bad-faith] claim[] across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

delay between communications about claim and insurer response). And Mr. Anderson doesn't allege anything else that could plausibly support an inference that the delay resulted from bad faith—like "repeated attempts" by Mr. Anderson during that period "to elicit a response from" Travelers. *Houston*, 2023 WL 1071529, at *3.

As for Mr. Anderson's allegations of Travelers's misrepresentations and failure to "notify" him of "required information," Mr. Anderson alleges that in its original denial letter Travelers used an "incorrect phrase from [the] policy" and "purposely removed 'reasonable care' verbiage[;]" that Travelers refused to explain how he failed to use reasonable care or answer questions about what it needed to approve the claim during the appeal, and gave him the run-around when he sought that information; and that Travelers provided Mr. Anderson with an incorrectly dated policy. ECF 1-2, ¶¶ 6, 18-20, 23, 28. These allegations are also insufficient. Mr. Anderson doesn't explain what incorrect phrase Travelers used; what this "reasonable care" language is, why it is important, or how Travelers omitted it; nor does he explain why the incorrectly dated policy matters (for example, because Travelers denied his claim as outside of the policy period, or because there were material and relevant changes in language between the policies). Mr. Anderson's allegations that Travelers refused to answer his questions and gave him the run-around are closer calls. But there still isn't enough detail there—such as when and how many times he contacted Travelers. *See Griffin v. State Farm Mut. Auto. Ins. Co.*, No. 25-1682, 2025 WL 1208930, at *5 (E.D. Pa. Apr. 25, 2025) (explaining that a complaint must state the "who, what, where, when, and how the alleged bad faith occurred" (cleaned up)).

So the Court will dismiss Mr. Anderson's bad-faith claim without prejudice to Mr. Anderson amending his complaint.[4]

---

[4] Mr. Anderson also cites to a few sections of the Pennsylvania Unfair Claims Settlement Practices (UCSP) regulations as proof that Travelers acted in bad faith. ECF 1-2, ¶¶ 30, 33-35 (citing 31 Pa. Code §§ 146.1, 146.5, 146.6). The UCSP regulations don't provide a private cause of action. Some courts in this Circuit

**Mr. Anderson fails to plead a declaratory-judgment claim.** Mr. Anderson's request for declaratory relief is limited to a statement that he is filing an action for declaratory relief. ECF 1-2, p. 9. Because Mr. Anderson doesn't explain what declaration he seeks, the Court will dismiss his declaratory-judgment claim, without prejudice to Mr. Anderson filing an amended complaint. *See Snow v. United States*, No. 13-0789, 2013 WL 3776403, at *14 (M.D. Pa. July 17, 2013) (dismissing declaratory-judgment claim where, among other things, plaintiff did "not specify exactly what he [was] asking the Court to declare").

\* \* \*

Accordingly, for the above reasons, the Court **GRANTS** Travelers's motion to dismiss (ECF 8), and dismisses Mr. Anderson's complaint (ECF 1-2). This dismissal is without prejudice to Mr. Anderson amending his complaint to state viable claims, consistent with this opinion. If Mr. Anderson doesn't file an amended complaint by **September 30, 2025**, the Court will convert this dismissal to being with prejudice.

Date: August 14, 2025                              BY THE COURT:

cc:
Mark Anderson                                      /s/ J. Nicholas Ranjan
405 East Carson Street                             United States District Judge
Pittsburgh, PA 15203

---

consider violations relevant to a bad-faith claim (but not *per se* violations), *see Houtz v. State Farm Fire & Cas. Co.*, 754 F. Supp. 3d 594, 599 (E.D. Pa. 2024) (collecting cases), but not all do, *see Borden v. NGM Ins. Co.*, 660 F. Supp. 3d 322, 332 (E.D. Pa. 2023) (collecting cases), *appeal dismissed sub nom. Borden v. 6 Ins. Co.*, No. 23-1622, 2023 WL 6446209 (3d Cir. July 13, 2023). Regardless, even if the Court were to consider them, Mr. Anderson cites to sections pertaining to Travelers's failure to timely communicate or conclude its investigation. As discussed above, the Court doesn't find that Travelers's alleged lack of timeliness can support a bad-faith claim, and the UCSP citations don't change that outcome.